**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**ANTONIO FRETT, ELIAS PETERSEN and HOWARD JAMES, Defendants**

Criminal No. 1988/5

**UNITED STATES OF AMERICA, Plaintiff**

**v.**

**ANTONIO FRETT, ELIAS PETERSEN and HOWARD JAMES, Defendants**

Criminal No. 1988/7

District Court of the Virgin Islands

Div. of St. Croix

May 17, 1988

ROLAND B. JARVIS, ESQ., Assistant United States Attorney (Office of the United States Attorney), St. Croix, V.I., *for Government and United States*

ROBERT L. TUCKER, ESQ., Federal Public Defender (Office of the Federal Public Defender), St. Croix, V.I., *for defendant Antonio Frett*

GORDON RHEA, ESQ. (LAW OFFICES OF ALKON & RHEA), St. Croix, V.I., *for defendant Elias Petersen*

JEFFREY L. RESNICK, ESQ. (LAW OFFICES OF JAMES & RESNICK), St. Croix, V.I., *for defendant Howard James*

O'BRIEN, *Chief Judge*

## MEMORANDUM OPINION

The issue before us exists because of this Court's unique jurisdiction to hear both federal and territorial criminal matters. We decide whether a violation of 18 U.S.C. § 922(g) is subject to the enhancement provisions of 18 U.S.C. § 924(c) when it occurred during a "crime of violence" not otherwise punishable by federal law. We hold that it does not, and we will sentence accordingly.

## I. FACTS

The defendant, Howard James was tried with two co-defendants, Antonio Frett and Elias Petersen on multiple counts arising from a firearms incident which occurred at the Ralph de Chabert Project

on St. Croix.[1] This altercation resulted in a 5 count information being brought by the Government of the Virgin Islands against James, two counts of which were for assault with intent to commit murder in violation of 14 V.I.C. § 295(1);[2] and one count of which was for assault which inflicted bodily harm in violation of 14 V.I.C. § 297(4).[3] The final two Virgin Islands counts were for unauthorized use and possession of unlicensed firearms during a crime of violence in violation of 14 V.I.C. § 2253(a), (b).[4] Additionally, the United

---

[1] Both Frett and Petersen accepted plea agreements offered by the Government of the Virgin Islands and the United States of America during the course of the trial. Only the case against James went to the jury.

[2] Whoever—(1) with intent to commit murder, assaults another; . . . shall be imprisoned not more than 15 years.

14 V.I.C. § 295(1).

[3] Whoever, under circumstance not accounting to an assault in the first or second degree—

(4) assaults another and inflicts serious bodily injury upon the person assaulted . . .

shall be fined not more than $500 or imprisoned not more than 5 years or both.

14 V.I.C. § 257(4).

[4] 14 V.I.C. § 2253 provides in relevant part:

(a) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any firearm as defined in Title 23, section 452(d) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than six months nor more than three years and shall be fined not more than $5,000, except that if such person shall have been convicted of a felony in any state, territory or federal court of the United States, or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence as defined in subsection (d) hereof, then such person shall be sentenced to imprisonment of not less than five years nor more than ten years and shall be fined not more than $10,000. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

(b) Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either openly or concealed on or about his person, or under his control in any vehicle of any description any machine gun or sawed-off shotgun, as defined in subsection (d)(2) and (3) of this section, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than two years nor more than five years and shall be fined not more than $7,000, except that if such person shall have been convicted of a felony in any state, territory or federal court of the United States, or if such machine gun or sawed-off shotgun or an imitation thereof was held, possessed, borne, transported by or under the proximate control of such person during the commission or attempted commission of a crime of violence, as herein defined, then such person shall be sentenced to imprisonment of not less than five years nor more than fifteen years and shall be fined not more than $12,000.

States of America brought a one count charge against James for the unauthorized possession of a firearm transported in interstate commerce in violation of 18 U.S.C. § 922(g),[5] for which it seeks to apply the enhanced penalty provision of 18 U.S.C.A. § 924(c)(1).[6]

The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

(c) In the trial of a person for committing or attempting to commit a crime of violence, as herein defined, the fact that he was armed with a firearm, used or attempted to be used, and had no license to carry the same, as required in Title 23, chapter 5 of the Code, shall be evidence of his intention to commit said crime of violence.

(d) As used in this chapter—

(1) "Crime of violence" shall have the same definition as that contained in Title 23, section 451(c) of this Code.

(2) "Machine gun" means any firearm as defined in Title 23, section 451(d) of this Code, which shoots automatically or semi-automatically more than 12 shots without reloading.

[5] 18 U.S.C. § 922(g) reads in relevant part:
It shall be unlawful for any person—

(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to possess in or affecting commerce, any firearm . . . which has been shipped or transported in interstate or foreign commerce.

[6] 18 U.S.C. § 924(c)(1) provides in relevant part:

(1) Whoever, during and in relation to any crime of violence or drug trafficking crime, including a crime of violence or drug trafficking crime, which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device, for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to imprisonment for five years, and if the firearm is a machinegun, or is equipped with a firearm silencer or firearm muffler, to imprisonment for ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for ten years, and if the firearm is a machinegun, or is equipped with a firearm silencer or firearm muffler, to imprisonment for twenty years. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of crime, or drug trafficking crime in which the firearm was used or carried. No person sentenced under this subsection shall be eligible for parole during the term of imprisonment imposed herein.

\* \* \*

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

The jury returned guilty verdicts upon all five territorial counts and the sole federal charge. It specifically found that James was in possession of a machine gun as defined by both territorial and federal law.Thereafter, the parties briefed the sentencing issue and the Government of the Virgin Islands brought an habitual criminal information against James pursuant to 14 V.I.C. § 61.

James now challenges the application of the enhanced penalty provision of 18 U.S.C. § 924(c) for want of a conviction of a "federal crime of violence" cognizable in the courts of the United States. The United States of America seeks application of § 924(c)(1) suggesting that the conviction under § 922(g) satisfies the federal crime of violence component of § 924(c), and that in any case, we may resort to James' territorial convictions for establishment of the "crime of violence" component. We address the issue at length because if applicable, § 924(c) would appear to mandate us to sentence James to a 10-year sentence to run consecutively with the sentence imposed upon the territorial convictions.[7]

## II. DISCUSSION

The operative language of 18 U.S.C. § 924(c) provides for enhanced punishment for incidents involving the use or possession of a firearm (here, machine gun) during a "crime of violence." As relevant to this case, a crime of violence is a felony, that ". . . has as an element the use . . . of physical force against the person . . ." and which ". . . may be prosecuted in a court of the United States." See supra, note 6. Such language appears straightforward.

However, as applied to a certain class of cases prosecuted in this Court, to which the case at bar belongs, there is ambiguity with respect to the meaning of the phrase "may be prosecuted in a court of the United States." This is because the District Court of the Virgin Islands is not a United States District Court; Esposito v.

———

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

\* \* \*

[7] Because James faces habitual offender status under Virgin Islands law which would require him to serve 10 years minimum without parole, the effect of the 924(c)(1) enlargement raises James' stakes to a possible 20 years of incarceration without parole.

Neither party refers us to 18 U.S.C. § 924(e)(1) which may be applicable to this matter. It provides for a minimum fifteen-year sentence without parole to anyone who has three previous felony convictions as defined by § 922(g)(1).

Barnard, 842 F.2d 393 (3d Cir. 1988) (en banc); nor is it defined as a court of the United States by the U.S. Code. See 28 U.S.C.A. § 451 (1968). It does possess all the jurisdiction of a United States District Court in addition to its jurisdiction over offenses against local law. 48 U.S.C.A. § 1612 (Supp. 1987). Thus, when as in this case, an accused stands trial before us simultaneously on unmerged federal and territorial counts arising out of the same incident, the issue is whether the language "may be prosecuted in a court of the United States" encompasses a crime of violence against the laws of the Virgin Islands which may be prosecuted in the District Court of the Virgin Islands.[8]

The U.S.A. contends that we need not resolve this question because James' violation of § 922(g) is a "crime of violence" within the meaning of § 924(c)(3) especially in light of the violent behavior in this case. We reject this contention. In United States v. Cruz, 805 F.2d 1464 (11th Cir. 1986), cert. denied, 481 U.S. 1006, 107 S.Ct. 1631 (1987), the Eleventh Circuit made a careful analysis of the statutory phrase "crime of violence", using all of the statutory tools of construction after finding the phrase ambiguous. In so doing, it rejected a case by case approach urged by the government in that case, and similar to that urged by the U.S.A. here. Additionally, it rejected an argument put forward by the defendant Cruz, and proposed here by James, that we must look to whether the predicate crime of violence necessarily requires the use of force. Id. at 1469–70.

We conclude likewise that the phrase "crime of violence" is hopelessly ambiguous and we need only refer to the Cruz court's discussion to suggest why. 805 F.2d at 1469–75. Little legislative history, no case law and unclear language leaves us with no understanding of Congressional intent. All we have is a short statement in the legislative history suggesting that Congress had in mind similar incidents as punished by state law, i.e., assault and battery. 1984 Cong. and Ad. New 3487. Yet this does not tell us whether possession itself in violation of § 922(g) is sufficient to require enhancement under § 924 when it occurs during a crime of violence punishable only by local law. Common sense tells us that it does not simply because it would make James accountable for

---

[8] No recitation of authority need be made for the proposition that offenses against the laws of the United States perpetrated in the Virgin Islands may be prosecuted in the District Court of the Virgin Islands.

possession of a firearm during a crime of violence that the laws of the United States are not particularly interested in sanctioning.

This does not trouble the U.S.A. It refers us to United States v. Gironda, 758 F.2d 1201 (7th Cir. 1985), cert. denied, 481 U.S. 1006, 106 S.Ct. 523 (1986). There the Seventh Circuit interpreted an earlier version of § 924(c) which prohibited the unlawful possession of a firearm during the commission of any felony which may be prosecuted in a court of the United States. The Gironda court joined another Circuit in holding that it was proper to define the term "unlawful" by resorting to state law. Id. at 1214. The U.S.A. here wishes us to do the same with the phrase "crime of violence."

This solution might be tempting except that as noted above, § 924(c)(3) partly defines a crime of violence as a felony. As the Gironda court noted in discussing the earlier version of the statute, the § 924(c) conviction required both a violation of a state firearm law and a concurrent commission of a federal felony. That court as well as most others interpreted the phrase "felony which may be prosecuted in a court of the United States" as meaning a federal felony. See, e.g., Busic v. United States, 446 U.S. 398 (1979).

Application of this federal felony interpretation here would require us to focus on the felony part of the crime of violence, and allows us to distinguish between our role as a court of the United States[9] and our role as a local court. This is important because we do not believe that Congress intended to implicate our jurisdiction over offenses of local law in the enhancement provisions of § 924(c), since this would unduly distinguish prosecutions of § 924(c) violations in this Court and those in the United States District Courts.

■ To us, this is the sensible interpretation and the one we choose to follow since the crime of violence component will always be some sort of assault, battery or the like punishable by local law. The issue, therefore, becomes whether the violence, and possession of the firearm, is incident to the perpetration of a federal felony, i.e., assault of a federal officer as opposed to a local police officer. This would preclude the necessity of references to local law to define the crime of violence component since what would matter is whether the predicate felony is proscribed by the laws of the

---

[9] As early as Sewer v. Paragon Homes, Inc., 9 V.I. 290, 351 F. Supp. 596 (D.V.I. 1972), it was recognized that Congress often implied the jurisdiction of this Court when it made reference in a federal statute to a court of the United States.

United States, not whether the felonious crime of violence may be prosecuted in this Court.

 This also proscribes application of § 924(c) enhancement provisions to James' § 922(g) violations because it is clear that his possession of the machine gun during this violent assault was not incident to a federal felony to which Congress wanted to apply § 924(c) provisions. In other words, we do not believe James' conduct, i.e., assault proscribed only by local law, is the kind which Congress intended to be covered by this enhancement provision. See discussion, supra at 437–39. In any case, because of the unresolved ambiguity we will also rely on the rule of lenity as the Cruz court did in so ruling. 805 F.2d at 1474.

## III. CONCLUSION

We have determined that in order to apply the enhancement provisions of 18 U.S.C. § 924(c) in this Court, the possession of the firearm during a crime of violence must occur incident to a federal felony. In the context of this case, we do not believe Congress intended for the provisions to apply. Thus, we will sentence accordingly.[10]

---

[10] 18 U.S.C. § 924(a)(1) reads:

Except as otherwise provided . . . whoever

\* \* \*

(B) knowingly violates . . . [subsection] (g) . . . of section 922 . . . shall be fined not more than $5,000, imprisoned not more than five years or both, and shall become eligible for parole as the Parole Commission shall determine.