966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Lee CAMPBELL, Defendant-Appellant.
 No. 91-5018.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 30, 1992
Decided: June 2, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-226)
 Matthew H. Fair, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Michael D. Stein, First Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following a jury trial, Edward Lee Campbell was convicted on three counts of possession of ammunition and a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West 1985 & Supp. 1991). He appeals his sentence. Campbell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue, but indicating that, in his opinion, there are no meritorious issues for appeal. Campbell has not submitted a supplementary pro se brief.
 
 
 2
 Under 18 U.S.C.A. § 922(g)(1), it is unlawful for a person "who has been convicted [of a felony] in any court " to possess a firearm or ammunition. (emphasis added). Violators of § 922(g)(1) are subject to possible sentence enhancement based on their criminal histories. Section 924(e)(1) provides: "In the case of a person who violates Section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony ..., such person shall be ... imprisoned not less than fifteen years ... " (emphasis added). When Campbell was convicted of violating § 922(g)(1), his criminal history included at least four state convictions for violent felonies. Pursuant to § 924(e)(1), the district court sentenced him to fifteen years in prison.
 
 
 3
 Campbell argues that enhancement can occur unders 924(e)(1) only if the defendant's prior violent felony convictions occurred in federal court. However, the statutory language does not limit enhancement to federal convictions. Section 924(e)(1) requires a fifteen year prison term for violators of § 922(g)(1) who have three prior violent felony convictions in any court-not just federal courts.[1] See Taylor v. United States, 495 U.S. 575 (1990) (allowing § 924(e)(1) enhancement based upon state convictions for violent felonies); see also United States v. Etheridge, 932 F.2d 318, 320, 323 (4th Cir. 1991) (Virginia circuit courts are courts referred to in § 922(g)(1) for purposes of § 924(e)(1) enhancement), cert. denied, 60 U.S.L.W. 3293 (U.S. 1991).
 
 
 4
 Campbell had at least four prior state court convictions qualifying as violent felonies when he was convicted of violating § 922(g)(1). Two of the crimes, first degree arson and attempted murder, occurred on November 3, 1981.[2] Campbell was sentenced to concurrent terms of two to twenty years in prison for the arson and one to five years in prison for the attempted murder. Under § 924(e)(2)(B), a violent felony is "any crime punishable by imprisonment for a term exceeding one year ..., that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary [or] arson." Thus, Campbell's arson and attempted murder convictions qualify as violent felonies for purposes of § 924(e)(1) enhancement.
 
 
 5
 In 1959 and again in 1976, Campbell was convicted in West Virginia state court of breaking and entering and sentenced each time to one to ten years in prison. "Breaking and entering" is a different offense than "burglary" under West Virginia law. West Virginia v. Louk, 285 S.E.2d 432, 436 n.5 (W. Va. 1981). Nevertheless, for purposes of § 924(e) enhancement, a person is considered to have been convicted of burglary "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor, 495 U.S. at 599. Because he was convicted of unlawful entry into a building with intent to commit a crime, Campbell was convicted of burglary, a violent felony under § 924(e).
 
 
 6
 Campbell had more than three prior violent felony convictions when he was convicted of violating § 922(g)(1). Therefore the district court sentenced him properly to fifteen years in prison pursuant to § 924(e)(1).
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm Campbell's sentence and deny his counsel's motion to withdraw. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Campbell cites Government of the Virgin Islands v. Frett, 684 F. Supp. 1324 (D.V.I. 1988), in support of his claim thats 924(e)(1) enhancement only may be based on prior federal convictions. However, Frett is inapplicable here because it addressed § 924(c), a provision allowing enhancement of a sentence for a person carrying or using a weapon during the commission of certain crimes "for which he may be prosecuted in a court of the United States."
 
 
 [2]
 On that date, Campbell set fire to a residence. Afterward, he saw someone watch him leave the scene. Thinking the person had witnessed the crime, he went home and got his rifle, returned to the scene, and waited two hours until he spotted the same person, and then fired upon him to try to kill him. Although these crimes occurred on the same day, they are considered separate offenses for purposes of § 924(e) enhancement. See United States v. Washington, 898 F.2d 439, 441 (5th Cir.) ("where ... multiple offenses are not part of a continuous course of conduct, they cannot be said to constitute either a criminal spree or a single criminal transaction for purposes of section 924(e)"), cert. denied, 59 U.S.L.W. 3246 (U.S. 1990)