UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4922

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NORMAN TYRONE DAIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(CR-03-386)

Submitted:  March 31, 2006              Decided:  May 2, 2006

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ELMORE & ERVIN, L.L.C., Florence, South
Carolina, for Appellant. Rose Mary Parham, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Norman Tyrone Dais pled guilty to knowingly possessing and affecting commerce a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000). The district court sentenced Dais under the Armed Career Criminal Act ("ACCA"), to 294 months' imprisonment, five years of supervised release, and ordered payment of a $100 statutory assessment, as well as $40 in restitution.[1] Dais' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether: (1) his sentence violated Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005); (2) the district court erred in denying Dais a reduction for acceptance of responsibility; and (3) the district court erred in its denial of Dais' motion to compel the Government to move for a downward departure. Dais was given an opportunity to file a pro se supplemental brief, and has asserted a number of errors, including a number of challenges to the district court's assessment of an

---

[1]The probation officer calculated a sentencing guideline range of 262 to 327 months' imprisonment founded on a base offense level of 24, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(2)(2002), and an adjusted offense level of 28, after application of a four-level increase based on the use of a firearm in connection with another felony, pursuant to USSG § 2K2.1(b)(5). Then the probation officer revised the calculation pursuant to USSG § 4B1.4, based upon her determination that Dais had been convicted of at least three prior violent felonies, committed on occasions different from one another, to an adjusted offense level of 34, and a criminal history category of VI.

ACCA enhancement. Pursuant to this court's request, counsel has supplemented her brief with a discussion of the ACCA and the applicability of Shepard v. United States, 544 U.S. 13 (2005), and United States v. Washington, 404 F.3d 834 (4th Cir. 2005), to this case.

Dais' first error on appeal is that the district court erred in sentencing him as an armed career criminal in violation of United States v. Booker, 543 U.S. 220 (2005), and his Sixth Amendment rights. Specifically, he contends that while two of his five prior convictions were to residences (the 1991 offenses),[2] the indictments relative to those charges specified "non-violent" second-degree burglary and it was to those charges that he pled guilty, such that they may not properly be relied upon by the district court in its enhancement under 18 U.S.C. § 924(e)(1). He further asserts that the remaining three burglary charges were to commercial buildings, and claims one of those occurred while he was a juvenile, rendering them likewise improper predicate offenses under the ACCA. We find his claim to be without merit.

The ACCA provides for a mandatory minimum sentence of fifteen years for a defendant who violates § 922(g) if the defendant has three previous convictions "for a violent felony or

_____

[2]Dais has admitted to the following five prior convictions: (1) a 1986 burglary, third, conviction based on an offense that occurred when Dais was seventeen years old; (2) two 1987 burglary, second offenses to commercial buildings; and (3) two 1991 burglary, second offenses to residential dwellings.

a serious drug offense." 18 U.S.C. § 924(e)(1). The definition of the term "violent felony" for ACCA purposes includes "any crime punishable by imprisonment for a term exceeding one year . . ., that . . . is burglary . . . ." 18 U.S.C. § 924(e)(2)(B)(ii). In Taylor v. United States, 495 U.S. 575, 598-99 (1990), "burglary" for ACCA purposes has been limited to "generic" burglary, defined as the "unlawful or unprivileged entry into, or remaining in, a building or structure with intent to commit a crime." See also United States v. Bowden, 975 F.2d 1080, 1083 (4th Cir. 1992). An offense constitutes "burglary" for purposes of a § 924(e) sentence enhancement if its statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant. Taylor, 495 U.S. at 602; Bowden, 975 F.2d at 1084.

We find that the South Carolina Burglary, Second, statute applicable to Dais' two 1991 burglary convictions to residential dwellings clearly qualify as predicate § 924(e) offenses because the South Carolina statutory definition[3] substantially corresponds to "generic" burglary. In addition, we find to be without merit

---

[3]That statute provides as follows:

(A)   A person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein.

S.C. Code Ann. § 16-11-312 (2003).

Dais' contention that the 1986 burglary offense conviction may not properly be used as a predicate offense for ACCA enhancement merely because he was a juvenile at the time of the offense. See, e.g., United States v. Burge, 407 F.3d 1183, 1190-91 (11th Cir. 2005); United States v. Jones, 332 F.3d 688 (3d Cir. 2003); United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir. 2002); United States v. Wright, 48 F.3d 254, 256 (7th Cir. 1995). Because Dais had at least three qualifying prior offenses, the district court properly sentenced him under the ACCA. Moreover, having determined that the bases for the ACCA enhancement were appropriate, Dais' claim that the application of the ACCA violated the principles of Booker or his Sixth Amendment rights is foreclosed by circuit precedent. See United States v. Thompson, 421 F.3d 278, 286 (4th Cir. 2005), cert. denied, 126 S. Ct. 1463 (2006); United States v. Cheek, 415 F.3d 349, 350 (4th Cir.), cert. denied, 126 S. Ct. 640 (2005).

Dais next asserts error in the district court's denial of a reduction for acceptance of responsibility. Broad discretion is given to sentencing judges in determining whether to adjust for acceptance of responsibility. USSG § 3E1.1, comment. (n.5). We find no clear error with regard to the district court's denial of a reduction to Dais' offense level based on Dais' admission that he wrote a letter to an alleged target of a federal investigation demanding money from him, and thus undermining that investigation.

<u>United States v. Pauley</u>, 289 F.3d 254, 261 (4th Cir. 2002) (standard of review).

Dais next asserts, by counsel, that the district court erred in denying his motion to compel specific performance of the plea agreement to compel the Government to make a motion for a downward departure on his behalf, as provided for in USSG § 5K1.1. Given that Dais was not truthful in the information he supplied to the Government, in violation of the terms of his plea agreement, we find that the district court properly determined that the Government was not in breach of the plea agreement and should not be compelled to move for a USSG § 5K1.1 departure.

Dais has raised a number of issues <u>pro</u> <u>se</u>, but none are meritorious.[4] In addition to repeated challenges to his § 924(e) enhancement, which we already have found to be without merit,[5] Dais has raised a number of claims of ineffective assistance of counsel. Claims of ineffective assistance of counsel generally should be asserted on collateral review rather than on direct appeal, unless

---

[4]We note that many of the issues Dais raised <u>pro</u> <u>se</u> are subject to plain error review, as Dais did not lodge specific objections below. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993). To meet the plain error standard: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights. <u>Id.</u> at 732.

[5]To the extent that Dias' claim that the state indictments on which his ACCA enhancement was predicated were "invalid" is an attempt to collaterally attack his prior convictions, we decline to review such claim. <u>See</u> <u>Custis v. United States</u>, 511 U.S. 485 (1994).

proof of the claimed ineffective assistance is apparent on the face of the record.  <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).  As this record does not support Dais' claims that counsel was ineffective, we decline to address the claims in this appeal.

Dais also asserts district court error in relying solely on the facts as set forth in the Presentence Investigation Report ("PSR").  This claim likewise is without merit because not only is the district court allowed to do so, <u>see</u> <u>Thompson</u>, 421 F.3d at 285, but Dais has not identified how the error, assuming there was one, affected his substantial rights, given that he was properly classified as an armed career criminal.

Dais' assertion that the district judge failed to give him an opportunity to speak prior to the imposition of his sentence is belied by the record in this case, as is his claim that his plea agreement is invalid because it did not have the signature of the Assistant United States Attorney on it.[6]  Moreover, we find no reversible error in the district court's failure to address at sentencing all objections made to the PSR, given that the district court considered all objections raised by Dais or his attorney at sentencing and more is not required.  Finally, Dais' claim of prosecutorial misconduct for allegedly failing to provide the district court with copies of Dais' indictment, plea agreement, and

---

[6]His contention that the lack of the judge's signature on the plea agreement somehow invalidates it is specious.

other records relative to his prior convictions is without merit, as is his claim of judicial bias.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dais' conviction and sentence. We grant Dais' motions to amend his brief, and deny his motion to relieve his attorney at this juncture.

This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>