**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 11, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 04-20847

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM WAYNE MCGEE,

Defendant - Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(No. 4:04-CR-67)

_____

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

William Wayne McGee appeals his sentence enhancement under the Armed Career Criminal

Act ("ACCA"), 18 U.S.C. § 924(e)(1), arguing that each of his prior convictions for second-degree

burglary in South Carolina is not a "burglary" as that term is defined in *Taylor v. United States*, 495

U.S. 575 (1990). Finding no merit in McGee's argument, we affirm.

### I. FACTS AND PROCEEDINGS

1

A federal grand jury indicted McGee, a previously convicted felon, on three counts of possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). The grand jury also indicted McGee on two counts of possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The § 922(g)(1) counts alleged that McGee had "been previously convicted of three violent felony or serious drug offenses." Pursuant to a written plea agreement, McGee subsequently pleaded guilty to one count of possession of a firearm in violation of §§ 922(g)(1), 924(a)(2), and 924(e)(1), in exchange for the government's dismissal of the remaining four counts. At sentencing, the district court treated each of McGee's prior second-degree burglary convictions in South Carolina as a "burglary" under 18 U.S.C. § 924(e)(2)(B)(ii), and thus a "violent felony" under § 924(e)(1). Based on these prior convictions, the district court enhanced McGee's sentence under the ACCA, sentencing him to 295 months of imprisonment followed by five years of supervised release.

## II. STANDARD OF REVIEW

This court reviews de novo the district court's application of the ACCA. *United States v. Munoz*, 150 F.3d 401, 419 (5th Cir. 1998). *See also United States v. Fuller*, — F.3d —, 2006 WL 1660412, at * 4 (5th Cir. June 16, 2006) (citing *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002)).

## III. DISCUSSION

The question before the court is whether each of McGee's prior convictions for second-degree burglary under South Carolina law is a proper predicate offense under the ACCA.[1] We conclude that they are.

Prior to his gun-related conviction here, McGee was convicted of seven counts of second-degree burglary, in violation of S.C. CODE § 16-11-312(A). That state criminal statute provides that "[a] person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime therein." For purposes of the statute, the term "dwelling" has two meanings: "its definition found in § 16-11-10 and also . . . the living quarters of a building which is used or normally used for sleeping, living, or lodging by a person." S.C. CODE § 16-11-310(2). In turn, § 16-11-10 provides:

> With respect to the crimes of burglary and arson and to all criminal offenses which are constituted or aggravated by being committed in a dwelling house, any house, outhouse, apartment, building, erection, shed or box in which there sleeps a proprietor, tenant, watchman, clerk, laborer or person who lodges there with a view to the protection of property shall be deemed a dwelling house, and of such a dwelling house or of any other dwelling house all houses, outhouses, buildings, sheds and erections which are within two hundred yards of it and are appurtenant to it or to the same establishment of which it is an appurtenance shall be deemed parcels.

In *Taylor*, the Supreme Court held that for a state-law burglary conviction to be a "burglary" under the ACCA, the state statute of conviction must "correspond[ ] in substance to the generic meaning of burglary." 495 U.S. at 599. The Court set forth the generic meaning of "burglary" as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598.

---

[1]The ACCA provides for a sentence of "not less than fifteen years" for a person who violates 18 U.S.C. § 922(g) and who "has three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). "'[V]iolent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary . . . ." 18 U.S.C. § 924(e)(2)(B)(ii).

In determining whether McGee's South Carolina burglary convictions are proper ACCA predicate offenses, we first note that, on its face, the South Carolina second-degree burglary statute corresponds closely to the generic burglary definition. *Compare* S.C. CODE § 16-11-312(A), *with Taylor*, 495 U.S. at 598. *See also United States v. Dais*, No. 04-4922, 2006 WL 1153803, at *2 (4th Cir. May 2, 2006) (per curiam) ("[T]he South Carolina statutory definition [for second-degree burglary] substantially corresponds to 'generic' burglary.") (footnote omitted). Nevertheless, McGee argues that second-degree burglary in South Carolina is broader than the generic definition of burglary because South Carolina courts have construed the term "dwelling" to include an object that is not "a building or other structure" as required in *Taylor*. More specifically, McGee argues that the *Taylor* Court deemed the generic burglary definition not to include entry into objects such as booths, tents, boats, or railroad cars, but that South Carolina's definition of "dwelling," as construed by South Carolina courts, includes entry into such objects.

Assuming—without deciding—that the statute is nongeneric, the South Carolina indictment to which McGee pleaded guilty and the plea agreement support the district court's finding that the South Carolina burglaries were proper ACCA predicate offenses.[2] The Supreme Court has directed courts to review "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" when a defendant pleads guilty

---

[2]McGee disputes this court's ability to review *Shepard* documents, arguing that courts can only look beyond the fact of conviction when the state statute contains alternative means of committing an offense. McGee argues that the South Carolina burglary statute contains only one alternative: burglary of a "dwelling," as that term is defined by South Carolina's legislature. We reject McGee's formalistic contention, as the only prerequisite to reviewing the indictment and plea agreement is that the statute be nongeneric. *Shepard*, 544 U.S. at 26.

4

to prior offenses that are "nongeneric." *Shepard v. United States*, 544 U.S. 13, 26 (2005). Here, the South Carolina indictment to which McGee pleaded guilty includes seven counts of burglaries of "dwellings" of individuals located at precise street addresses in South Carolina. Similarly, the plea agreement contains the seven counts of second-degree burglary and describes the burglarized locations with dates, victims' names, and the precise street addresses at which the offenses were committed. Accordingly, the second-degree burglary convictions are proper predicates for purposes of the ACCA.[3] *See United States v. Kilgore*, 7 F.3d 854, 856 (9th Cir. 1993) (holding that an indictment for burglary of "buildings with common street addresses" was sufficient for a finding that state-law burglary convictions were proper ACCA predicate crimes). *See also United States v. McGarvey*, No. 05-30536, 2006 WL 1763403, at *1 (9th Cir. June 22, 2006) (memorandum opinion) ("Locations identified with common street addresses constitute 'buildings' within the definition of generic burglary.").

## IV. CONCLUSION

The South Carolina indictment to which McGee pleaded guilty and his plea agreement sufficiently demonstrate that McGee's South Carolina second-degree burglary convictions are ACCA predicate offenses. Therefore, the district court's imposed sentence is AFFIRMED.

---

[3]Because it deemed the South Carolina burglary statute generic, the district court did not review the *Shepard* documents to determine whether the South Carolina burglary convictions were proper ACCA predicate offenses. Without addressing the correctness of the district court's evaluation, we review the record in its entirety and affirm the district court's sentence. *See United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995) (stating that the court may affirm on any ground supported by the record).