# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50940
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO ALEXANDER-JUAREZ, also known as Alfredo Alexander Jaure Salgado,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-65

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alfredo Alexander-Juarez appeals the 41-month sentence imposed after his guilty plea conviction of one count of illegal reentry. He contends that the district court erroneously applied an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based upon its determination that his prior conviction in South Carolina for second-degree burglary was an aggravated felony. He argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court erred by relying exclusively on the description of the offense in the presentence report (PSR) and that, in any event, the conviction does not qualify as an aggravated felony because the statute of conviction is broader than the generic definition of burglary.  Because Alexander-Juarez raises these arguments for the first time on appeal, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The record does not indicate whether the district court reviewed at the sentencing hearing any state court records concerning the offense or whether its determination that Alexander-Juarez's prior conviction was an aggravated felony was based upon evidence other than the PSR.  If the PSR's treatment of the conviction as an aggravated felony was the sole basis for the district court's decision, the district court committed a clear or obvious error in applying an enhancement pursuant to § 2L1.2(b)(1)(C) exclusively based upon the PSR.  *See United States v. Garza-Lopez*, 410 F.3d 268, 273-75 (5th Cir. 2005).

However, even if the district court relied solely upon the PSR, Alexander-Juarez has failed to show that the application of the enhancement constituted reversible plain error.  *See Puckett*, 556 U.S at 135.  The Government on appeal was granted leave to supplement the record with copies of the indictment and the judgment of conviction related to Alexander-Juarez's prior conviction.  We may review those records to determine whether the district court appropriately applied the enhancement.  *See United States v. Martinez-Vega*, 471 F.3d 559, 562 (5th Cir. 2006).

The state court records reflect that Alexander-Juarez was convicted of second-degree burglary pursuant to § 16-11-312(A) of the South Carolina Code. Alexander-Juarez contends that the statute of conviction criminalizes entry into objects that are not buildings and structures and, accordingly, the offense is broader than the generic definition of burglary.  *See Taylor v. United States*,

No. 14-50940

495 U.S. 575, 598 (1990).  To the extent that § 16-11-312(A) proscribes conduct that is broader than the generic definition of burglary, the state court records establish that Alexander-Juarez was convicted of the offense in a manner that is consistent with the generic definition.  *See Descamps v. United States*, 133 S. Ct. 2276, 2283-85 (2013); *Taylor*, 495 U.S. at 602.  The indictment to which Alexander-Juarez pleaded guilty reflects that he, on a specific date, committed second-degree burglary of a location that was connected to an identified victim and which was situated at a precise and common street address; the indictment therefore supports that the burglary at issue involved entry into a building or structure as those terms are commonly used and as is meant in the generic definition of burglary.  *See United States v. McGee*, 460 F.3d 667, 669-70 (5th Cir. 2006); *Taylor*, 495 U.S. at 598.  Thus, Alexander-Juarez has failed to show that the district court committed reversible plain error.  *See Puckett*, 556 U.S at 135.

AFFIRMED.