# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee Cross-Appellant

v.

TYMAINE AKEEN LEWIS,

Defendant - Appellant Cross-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-514-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Tymaine Akeen Lewis pleaded guilty to being a felon in possession of a firearm (count one), in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession with intent to distribute cocaine (count two), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Lewis was sentenced to 156 months of imprisonment on count two and a concurrent 120 months of imprisonment on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

count one.    On appeal, Lewis argues that his Texas aggravated robbery convictions are not crimes of violence pursuant to U.S.S.G. § 4B1.2.    The Government cross-appealed, arguing that the district court erred by holding that Lewis's Texas aggravated robbery convictions were not violent felonies under the Armed Career Criminal Act (ACCA).  De novo review applies to both issues.  *United States v. Baker*, 742 F.3d 618, 620 (5th Cir. 2014); *United States v. McGee*, 460 F.3d 667, 668 (5th Cir. 2006).  Because, as Lewis acknowledges, his argument is foreclosed by *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 380-81 (5th Cir. 2006), *overruled on other grounds by United States v. Rodriguez*, 711 F.3d 541, 547-63 (5th Cir. 2013) (en banc), the district court correctly determined that Lewis's convictions for Texas aggravated robbery constitute crimes of violence under § 4B1.2.

In its cross-appeal, the Government argues that the district court erred in holding that Texas aggravated robbery is not a violent felony because (1) the state court records established that Lewis was convicted of aggravated robbery with a deadly weapon, which is a violent felony pursuant to *United States v. Lerma*, 877 F.3d 628 (5th Cir. 2017), *cert. denied*, 2018 WL 1912585 (May 29, 2018) (No. 17-8588), or, alternatively, (2) the Texas robbery statute is categorically a violent felony because it has the use, attempted use, or threatened use of physical force as an element.  Because the Texas aggravated robbery statute is divisible, *Lerma*, 877 F.3d at 633-34, the modified categorical approach may be used to determine under which portion of the statute Lewis was convicted, *see Descamps v. United States*, 570 U.S. 254, 260-63 (2013).  The state court records reveal that Lewis's prior convictions involved the commission of a robbery and using and exhibiting a deadly weapon.  Those elements correspond with the elements of aggravated robbery under Texas law.  *See* TEX. PENAL CODE ANN. § 29.03(a)(2); *see also Lerma*, 877 F.3d at 635.

No. 17-11118

In light of our decision in *Lerma* that a Texas conviction for aggravated robbery has as an element the threatened use of force and is therefore a violent felony under the ACCA*, see Lerma*, 877 F.3d at 636, the district court erred by holding that Lewis's aggravated robberies were not violent felonies, *see McGee*, 460 F.3d at 668.  Accordingly, we VACATE Lewis's sentence and REMAND for resentencing in accordance with *Lerma* and the ACCA.