# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10531
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO GARZA,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-261-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Emilio Garza appeals the 188-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. He contends that our recent decision in *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445), supports his argument that his prior Texas burglary convictions do not support an enhancement under the Armed Career Criminal Act (ACCA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10531

This court reviews preserved objections to the application of an ACCA enhancement de novo, *see United States v. McGee*, 460 F.3d 667, 668 (5th Cir. 2006), applying the law in effect at the time that it renders a decision, *see Henderson v. United States*, 568 U.S. 266, 271, 279 (2013). We held in *Herrold* that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), a conviction under Texas Penal Code § 30.02(a) cannot serve as an ACCA predicate offense because the statute is indivisible and sets forth offenses broader then the generic definition of burglary. *See Herrold*, 883 F.3d at 537. Thus, the district court erred in applying the ACCA enhancement to Garza's sentence based on his Texas burglary convictions. *See id.* The Government acknowledges this error and makes no attempt to argue that the error was harmless. Accordingly, the judgment is VACATED and the case is REMANDED for resentencing.