**UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,**

v.

**Alvin Gene WASHINGTON, Defendant–Appellant, Cross–Appellee.**

No. 89–2427.

United States Court of Appeals, Fifth Circuit.

March 30, 1990.

440

Michael C. Wallace, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for defendant-appellant, cross-appellee.

Henry K. Oncken, U.S. Atty., Jay T. Karahan, Asst. U.S. Atty., Paula C. Offenhauser, Houston, Tex., Karen Skrivseth, Atty., Dept. of Justice, Crim. Div., Appellate Section, Washington, D.C., for plaintiff-appellee, cross-appellant.

Before KING, GARWOOD and SMITH, Circuit Judges.

KING, Circuit Judge:

Defendant-appellant, Alvin Gene Washington, appeals from his enhanced sentence under 18 U.S.C. § 924(e), contending that two prior robberies constituted a single conviction for enhancement purposes. We disagree and conclude that the district court properly counted each robbery as a separate conviction.

I.

Defendant-appellant, Alvin Gene Washington (Washington), was charged in a one-count indictment of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The case was tried before a jury, and Washington was found guilty of the offense.

The government sought to enhance Washington's sentence on the ground that he had three prior armed robbery convictions. 18 U.S.C. § 924(e). Washington argued, however, that two of the three convictions should be treated as one offense since they were part of a criminal spree constituting a single criminal transaction.

The two prior convictions at issue occurred on October 13, 1979 and October 14, 1979, respectively. At approximately 11:30 p.m. on October 13, Washington and some other persons robbed a Majik Market convenience store in Jackson, Mississippi. They took approximately $70.00 from the store clerk, Mike Nematollahi, and left the store. The following morning, a few hours later, Washington returned and took an additional $51.78 from the same store clerk.

The district court rejected Washington's contention that the two robberies were part of a "criminal spree" or single criminal episode. While the court conceded it was a "close question," it reasoned that the two robberies were "distinct" because they were successive, rather than "continuous," offenses. Thus, the court found the sentence enhancement provision of section 924(e) applied to Washington, and sentenced him to the statutory minimum sentence of 15 years. Washington timely appealed.

II.

Washington contends that his two robbery convictions, committed within a period of a few hours against the same victim at the same location, constitute a criminal spree which should be considered only one conviction for sentence enhancement purposes.

We begin our analysis with *United States v. Herbert*, 860 F.2d 620 (5th Cir.

1988), *cert. denied,* — U.S. —, 109 S.Ct. 2074, 104 L.Ed.2d 639 (1989). In *Herbert*, we were presented with the task of determining the meaning of section 924(e)'s phrase "three previous convictions." We examined the legislative history of section 924(e) as well as the Solicitor General's statements with respect to the statute's predecessor, 18 U.S.C.App. II § 1202(a)(1). *Id.* at 621–22 (discussing *United States v. Petty*, 828 F.2d 2 (8th Cir.1987), *cert. denied,* 486 U.S. 1057, 108 S.Ct. 2827, 100 L.Ed.2d 928 (1988)). Based on our assessment of these sources, we determined that under section 924(e), multiple convictions for a "single criminal transaction" should be considered as one conviction for enhancement purposes. *Id.* at 622.

The two prior offenses at issue in *Herbert* were burglaries committed three days apart resulting in a single judicial proceeding and concurrent sentences. Since the offenses were committed in separate locations and were separated by two intervening days devoid of criminal activity, we concluded that the convictions did not arise out of a single criminal transaction. *Id.* We expressly reserved "the issue of whether multiple convictions for crimes committed over a period of days or hours as part of a criminal spree constitute single or multiple convictions." *Id.* at 622 n. 1.

Washington contends that his two robberies within a few hours of each other of the same clerk at a Majik Market store constitute a criminal spree that should count as only a single criminal transaction for purposes of section 924(e). We assume, without deciding, that a criminal spree is a single criminal transaction under the statute. However, the instant case involves neither a criminal spree nor a single criminal transaction.

Where multiple convictions fall within the orbit of a continuous course of conduct, courts have treated the offenses as a single criminal transaction for purposes of sentence enhancement. For example, in *United States v. Towne*, an extended attack on a single victim which included both a rape and kidnapping was held to be a single criminal episode because both offenses "*were* part of a continuous course of conduct which was directed at a single victim." 870 F.2d 880, 889 (2d Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989) (emphasis in original); *see also Petty*, 828 F.2d at 3 (simultaneous robbery of six individuals a single criminal episode); *United States v. Montgomery*, 819 F.2d 847, 850 n. 2 (8th Cir.1987) (government conceded that single incident involving simultaneous robberies of two individuals constituted a single criminal transaction).

Where, however, multiple offenses are not part of a continuous course of conduct, they cannot be said to constitute either a criminal spree or a single criminal transaction for purposes of section 924(e). Two such severable criminal acts were presented in *United States v. Schieman*, 894 F.2d 909 (7th Cir.1990). At approximately 2:00 a.m. on May 1, 1974, Schieman broke into a cake store, stole some money from the cash register and fled the scene. Three blocks away and five minutes later, Schieman was making a call from a pay phone. An officer approached the booth to question Schieman, but Schieman knocked the officer to the ground and escaped on foot. Schieman was subsequently convicted of burglary and aggravated battery. *Id.* at 910. In order to avoid sentence enhancement under section 924(e), Schieman argued that the offenses were part of a single criminal episode. The Seventh Circuit disagreed. The court reasoned that the robbery was "successfully completed" and that Schieman had "safely escaped" before committing the assault on the officer. *Id.* at 913. Because the battery occurred after Schieman's completion of the first crime and his escape from the scene, the aggravated battery could not be considered "a continuation of the burglary offense." *Id.* Moreover, the court noted that the two offenses were "separate crimes against separate victims in separate locations." *Id.* Thus, the Seventh Circuit concluded that the battery and burglary did not arise out of a single criminal episode.

Another case where offenses were held to spawn from separate criminal episodes occurring within a short time frame is *United States v. Wicks*, 833 F.2d 192 (9th

Cir.1987), *cert. denied,* ─── U.S. ───, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988). There, two of the defendant's convictions arose out of burglaries occurring on the same night but at different locations. The cases were prosecuted together and resulted in concurrent sentences. *Id.* at 193. As in *Schieman,* the defendant completed the first crime and successfully fled the scene. Later, he committed the second burglary. The court concluded that because the two burglaries were "distinct in time" and occurred at different places, they concerned multiple criminal episodes. *Id.* at 194. *See also United States v. Gillies,* 851 F.2d 492, 497 (1st Cir.), *cert. denied,* ─── U.S. ───, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988) (two drug store robberies occurring on consecutive days held to be multiple criminal episodes).

As in *Schieman, Wicks* and *Gillies,* Washington's two offenses were committed within a short time frame, but arose out of separate courses of conduct. Washington first came to the Majik Market at 11:30 p.m. on October 13, 1979. He and others took $70.00 from the convenience store clerk and left the area. Washington had "successfully completed" the first robbery and "safely escaped." The next few hours were devoid of criminal activity by Washington. However, after a few hours, Washington returned to the Majik Market and robbed it again. We recognize that in *Schieman, Wicks* and *Gillies,* the two offenses involved different victims and separate locations. However, the fact that Washington robbed the same store clerk at the same Majik Market is not dispositive.[1] Washington's two robberies were separate criminal episodes because he committed the first, completed it, and escaped; then, after a few hours of no criminal activity, Washington returned to commit the second crime. Thus, the district court properly concluded that the two robberies arose out of multiple criminal episodes (and not a crime spree).

### III.

For all the foregoing reasons, we hold that Washington's sentence was correctly enhanced under 18 U.S.C. § 924(e).

AFFIRMED.

---

1. Indeed, Washington's testimony could be read to suggest that he robbed the same store a second time simply because it was the only target open at such an early hour of the morning.