979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy W. NESS, Defendant-Appellant.
 No. 91-30341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Nov. 19, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy W. Ness appeals his conviction and sentencing for two counts of felon-in-possession of firearms, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (1988), and one count of interstate transportation of stolen weapons, in violation of 18 U.S.C. §§ 922(i) and 924(a)(2) (1988). We affirm the conviction but vacate the sentence Ness received and remand for resentencing without the application of the Career Offender provisions of U.S.S.G. § 4B1.1 (1989).
 
 
 3
 * Ness first argues the evidence was insufficient to prove he knew the firearms he possessed were stolen, and thus he did not "knowingly" transport stolen firearms across state lines, an essential element for conviction under 18 U.S.C. § 922(i). He urges the court to reverse the district court's denial of his motion for acquittal.
 
 
 4
 The evidence at trial indicated the defendant was apprehended with weapons stolen in two different burglaries during the week before his arrest. The two rifles had been stolen in a residential burglary three days earlier, and the handgun had been stolen the day before. Witnesses observed the handgun in Ness's possession the day it was stolen. Also, the police surveilling Ness observed him heading in the direction of the subsequently reported burglary in which that handgun was taken. A later search of the defendant's residence turned up a VCR which had also been stolen in the same burglary as the handgun Ness was possessing. Ness later made statements to police as to his whereabouts on that afternoon which contradicted the police observations. This evidence, viewed in the light most favorable to the prosecution, was sufficient to withstand the Rule 29 Motion.
 
 II
 
 5
 Ness contends that his sentencing under the Career Offender provisions of the Sentencing Guidelines, U.S.S.G. § 4B1, was in error because the crime for which he was convicted does not meet the requirements of the guidelines. The guidelines state that a defendant is a "career offender" if, inter alia, "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(2). Ness argues that being a felon-in-possession of a firearm is not a "crime of violence" and thus § 4B1 should not apply.
 
 
 6
 The district court did not have the benefit of a recent circuit decision which has effectively decided this matter. In United States v. Sahakian, 965 F.2d 740 (9th Cir.1992), this court applied the 1989 amendments to U.S.S.G. § 4B1.2 and held that "being a felon in possession of a firearm is not a crime of violence for purposes of applying the Career Offender guideline." Id. at 741. In the 1989 amendments, the Commission deleted the reference to 18 U.S.C. § 16, which mandated a categorical "by its nature" approach, with an analysis of the specific conduct charged. U.S.S.G. § 4B1.2(1) (1989); App. C, amendment 268. The Sahakian court determined "[t]he amendment shifted the emphasis from an analysis of the 'nature' of the crime charged to an analysis of the elements of the crime charged or whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another." Id. at 742.
 
 
 7
 Under the first two counts of the indictment, Ness is only charged with knowingly possessing a firearm. Under Sahakian, the instant offense does not represent a "crime of violence" and thus the Career Offender provisions of the Sentencing Guidelines should not have been applied. We vacate the sentence and remand for resentencing without the application of those provisions.
 
 III
 
 8
 Ness further argues the district court erroneously applied the Armed Career Criminal Act (ACCA). The ACCA provides that a person who violates the felon-in-possession provisions, 18 U.S.C. § 922(g), and has three prior violent felony convictions is subject to a fifteen year minimum sentence. 18 U.S.C. § 924(e)(1) (1988). Ness was convicted of three burglaries which occurred over a two week period in 1988 in Spokane, Washington. The definition of "violent felony" includes burglary. § 924(e)(2)(B)(ii). Because the three Washington burglaries were consolidated for trial and sentencing, Ness maintains the district court incorrectly counted these three incidents separately in arriving at the three conviction requirement for ACCA enhancement.
 
 
 9
 The ACCA requires the three previous convictions be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). This language was added to the ACCA in the 1988 amendments and was first analyzed by this circuit in United States v. Antonie, 953 F.2d 496 (9th Cir.1991), cert. denied, 1992 WL 130871 (1992). In Antonie, the court determined that convictions for two armed robberies committed forty minutes apart arose from separate and distinct criminal episodes and could be counted separately under the ACCA. Id. at 499. The court noted that this determination was in agreement with its pre-amendment decision in United States v. Wicks, 833 F.2d 192, 194 (9th Cir.1987) (two burglaries committed on the same night at different locations were "distinct in time."), cert. denied, 488 U.S. 831 (1988). Id. at 498.
 
 
 10
 Ness urges this court to adopt the reasoning of the Third Circuit in United States v. Balascsak, 873 F.2d 673 (3rd Cir.1989) (en banc). The Balascsak court held that the third predicate offense had to be preceded by two previous convictions. Id. at 684. Balascsak is not persuasive for several reasons. It was interpreting the ACCA before the 1988 amendment, which clarified that "separate occasions" was determinative. See United States v. Howard, 918 F.2d 1529, 1538 (11th Cir.1990) (determining Balascsak no longer correct after the 1988 amendment), cert. denied, 111 S.Ct. 2240 (1991). Further, Balascsak has, as appellant euphemistically terms it, "been limited" by a subsequent decision in its own circuit. See United States v. Schoolcraft, 879 F.2d 64, 73-74 (3rd Cir.) (adopting the reasoning of the Balascsak concurrence and dissent and other circuits that "a defendant need not be convicted of one predicate offense before committing the next predicate offense."), cert. denied, 493 U.S. 995 (1989). Balascsak is unpersuasive and contradicts the post-amendment case law in this circuit.
 
 
 11
 Under the Antonie decision, Ness's burglaries can be treated as separate predicate offenses. They were committed several days apart against unrelated individuals and thus are more distinct than either Antonie or separate predicate incidents examined by other circuits. See, e.g., United States v. Tisdale, 921 F.2d 1095 (10th Cir.1990) (separate treatment for three burglaries committed the same night), cert. denied, 112 S.Ct. 596 (1991); United States v. Washington, 898 F.2d 439 (5th Cir.) (successive robberies of the same convenience store on the same night constitute two predicate offenses), cert. denied, 111 S.Ct. 122 (1990). The district court correctly counted Ness's prior burglaries in applying the ACCA.
 
 
 12
 Because those three burglaries alone were sufficient to trigger the ACCA provisions, the court does not need to address whether the district court properly included Ness's discharged Idaho burglary in applying the ACCA.
 
 IV
 
 13
 We AFFIRM Ness's convictions, but VACATE the sentence imposed by the district court and REMAND for resentencing without the application of U.S.S.G. § 4B1.1.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3