United States Court of Appeals,

Fifth Circuit.

No. 94-10969

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Larry Allen RESSLER, Defendant-Appellant.

June 14, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

This is an appeal from the judgment of the district court which denied relief in a habeas corpus action. Larry Allen Ressler contends that two of his prior convictions arose out of a single criminal episode and, therefore, are not separate convictions under 18 U.S.C. § 924(e). He further argues that counsel rendered ineffective assistance by failing to raise that error. Finding the district court properly denied relief, we AFFIRM.

I. PROCEDURAL HISTORY

A jury convicted Ressler of two counts of being a felon in possession of a firearm and one count of knowingly making a false statement in acquisition of a firearm. Pursuant to 18 U.S.C. § 924(e) (the Armed Career Criminal Act), the court enhanced Ressler's sentence on the basis of three prior felony convictions: (1) housebreaking on November 21, 1977; (2) assault and battery of a high and aggravated nature on November 21, 1977 (the "1977

convictions"); and (3) a 1979 conviction for housebreaking. The court sentenced Ressler to 15 years imprisonment on each of the two gun counts and 37 months imprisonment on the false statement count, all to run concurrently. The court also imposed a three-year period of supervised release.

Ressler appealed, arguing that the "pen packet" relied upon by the district court did not adequately prove a requisite prior conviction. This Court affirmed the sentence, holding that the "pen packets" were properly authenticated. *United States v. Ressler,* No. 92-1362, 978 F.2d 710 (5th Cir. Oct. 22, 1992).

Ressler thereafter filed the instant § 2255 motion, alleging three claims of error. Ressler first argued that the court erred in treating the 1977 convictions as separate convictions under § 924(e). He contended that the convictions, which arose out of a single judicial proceeding, were the result of a single criminal episode and, thus, only one conviction under § 924(e). Ressler next argued that his counsel rendered ineffective assistance by failing to raise this error. Finally, Ressler argued that the court violated his rights under the Fifth and Sixth Amendments.

The magistrate judge recommended that the motion be denied, finding that the prior offenses were properly treated as separate convictions under § 924(e) and that counsel was not ineffective because "there was nothing to which counsel could have objected or brought to the Court's attention." Thereafter, the district court overruled Ressler's objections, adopted the magistrate judge's report and recommendation, and dismissed the motion with prejudice.

2

Ressler now appeals.

## II. SECTION 924(e)(1) CLAIM

Ressler argues that the district court erred when it ruled that the 1977 convictions were separate convictions for purposes of the § 924(e) enhancement. He argues that these convictions, separate counts in a single indictment, arose out of a single criminal act and, thus, constituted only one conviction.

Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *Id.*

Ressler's § 924 claim is not of constitutional dimension and could have been raised on direct appeal. Nevertheless, because Ressler also argues that counsel was ineffective for failing to raise the § 924 claim, we will address the merits of that claim to determine whether Ressler's counsel rendered effective assistance.

In pertinent part, § 924(e)(1) provides that a person who has three previous convictions for either a violent felony or a serious drug offense "committed on occasions different from one another ... shall be ... imprisoned not less than fifteen years." The facts underlying the 1977 convictions are as follows. Ressler broke into a residence one afternoon, stole some money and a hunting knife, and then fled on a bicycle when the homeowner, Paulette Williams,

discovered him in her home. A neighbor, Jerry Glass, chased Ressler in his truck and, after about five to twelve minutes, caught Ressler hiding in an adjacent field. As Glass began to lead Ressler back to Williams' home, Ressler stabbed Glass in the stomach and ran. Glass caught him again and returned him to Williams' home. During a single judicial proceeding, Ressler was convicted of housebreaking and assault and battery of a high and aggravated nature.

Multiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of § 924(e). *United States v. Herbert,* 860 F.2d 620, 622 (5th Cir.1988), *cert. denied,* 490 U.S. 1070, 109 S.Ct. 2074, 104 L.Ed.2d 639 (1989). The inquiry here is whether Ressler's 1977 convictions were separate criminal transactions, "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

We previously addressed that question in *United States v. Washington,* 898 F.2d 439, 441 (5th Cir.), *cert. denied,* 498 U.S. 842, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990). In *Washington,* the defendant robbed a convenience store, escaped, returned a few hours later and robbed the same store and store clerk again. *Id.* at 440. This Court determined that the two robberies, although involving the same victim in the same location, were separate criminal transactions. We emphasized that Washington committed the first robbery, safely escaped, and then after some time of no criminal activity returned to commit the second crime. *Id.* at 442.

4

We favorably compared our decision to the Seventh Circuit's decision in *United States v. Schieman,* 894 F.2d 909 (7th Cir.), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990), and the Ninth Circuit's decision in *United States v. Wicks,* 833 F.2d 192 (9th Cir.1987), *cert. denied,* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988). *Washington,* 898 F.2d at 441-42. In *Schieman,* the defendant burglarized a cake store and then fled the scene. Five minutes later and three blocks away, a police officer approached Schieman at a telephone booth to question him. Schieman knocked the officer to the ground and fled on foot. The Seventh Circuit treated Schieman's resulting convictions for burglary and aggravated battery as separate offenses under § 924(e). *Schieman,* 894 F.2d at 910. We noted that Schieman had " "successfully completed' " the burglary and "had "safely escaped' before committing the assault." *Washington,* 898 F.2d at 441. In *Wicks,* the Ninth Circuit similarly concluded that the defendant's two burglaries, committed on the same night but at different locations, were separate offenses. *Wicks,* 833 F.2d at 193. We again emphasized that "the defendant completed the first crime and successfully fled the scene" before he committed the second crime. *Washington,* 898 F.2d at 442.

The facts presented here are distinguishable from *Washington, Wicks,* and *Schieman.* Although the offenses involved different victims in separate locations, there was no "successful escape." Ressler was pursued almost from the moment he fled Williams' home.

Recently, the Seventh Circuit, in *United States v. Hudspeth,*

5

42 F.3d 1015 (7th Cir.1994) (en banc), *cert. denied,* --- U.S. ----, --- S.Ct. ----, --- L.Ed.2d ---- (U.S. May 30, 1995) (No. 94-8273), again considered the issue whether multiple convictions arose out of separate and distinct criminal episodes within the meaning of § 924. In that case, the defendant committed three distinct burglaries against three separate victims in three separate locations during a thirty-minute period. *Id.* at 1021. After reviewing its earlier decisions, decisions from other circuits, and the statute's legislative history,[1] the Seventh Circuit concluded that the relevant inquiry is whether the crimes occurred simultaneously or sequentially. *Id.* at 1018-24. Because Hudspeth committed the crimes sequentially, rather than simultaneously, the court concluded that the crimes were "committed on occasions different from one another" and, thus, separate offenses under § 924(e). *Id.* at 1021.

Applying the Seventh Circuit's holding to the instant case, Ressler's convictions were properly treated as separate offenses under § 924(e) because the offenses occurred sequentially. Specifically, Ressler completed the offense of housebreaking and fled that scene on a bicycle. While fleeing, Ressler was observed

---

[1]The majority opinion in *Hudspeth* provides that "[w]e are of the opinion that the phrase "committed on occasions different from one another' is unambiguous. Other members of this court, however, believe the phrase ... is ambiguous, and have looked to the legislative history for guidance." 42 F.3d at 1022-23. Judge Flaum's dissenting opinion provides that "most" of the Seventh Circuit finds the phrase ambiguous. 42 F.3d at 1025. In any event, because we find the phrase "committed on occasions different from one another" to be unambiguous, we do not look to the legislative history.

by a man named Jerry Glass.  Glass pursued Ressler and, after briefly losing sight of Ressler, captured him.  During the struggle Ressler stabbed Glass in the abdomen with a knife.  Ressler "was free to cease and desist from further criminal activity" after he fled Williams' house, but instead he chose to initiate a new course of action and commit a separate offense, distinct in both time and conduct.   As in *Hudspeth,* Ressler's "crimes were committed sequentially, against different victims, at different times, and at different locations, [and thus,] they were clearly crimes "committed on occasions different from one another' as required under the ACCA."  *Hudspeth,* 42 F.3d at 1022.  It is clear to us that on the occasion that Ressler was burglarizing the house of Paulette Williams he was not also stabbing Jerry Glass.

Because we find the claim to be without merit, Ressler has not shown that counsel rendered ineffective assistance.[2]

CONCLUSION

For the above stated reasons, the judgment of the district court is AFFIRMED.

---

[2]For the first time on appeal, Ressler alleges several other errors committed by counsel and the district court.  These new issues involve the resolution of factual issues and, therefore, are not reviewable by this Court.  *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991).