IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30369
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

EDUARDO BARRAZA-PEREZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95 CR 20025
- - - - - - - - - -
October 31, 1997
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Eduardo Barraza-Perez appeals his sentence for illegal

reentry into the United States, a violation of 8 U.S.C. § 1326.

He also argues that his counsel was ineffective for failing to

object to the calculation of his sentencing guideline.  The

district court did not clearly err in not grouping Barraza's drug

conviction with his conviction for illegal reentry after

deportation for purposes of calculating his guideline range of

imprisonment.  *See United States v. Santana-Castellano, 74 F.3d*

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*593, 597 (5th Cir. 1996); United States v. Garcia, 962 F.2d 479, 480-81 (5th Cir. 1992).* Nor did the court err in assessing a total of six criminal history points for Barraza's convictions for drug and firearms charges (three points) and failure to appear for sentencing on those charges (three points). *See United States v. Packer, 70 F.3d 357, 360 (5th Cir. 1995), cert. denied, 117 S. Ct. 75 (1996).*

Because Barraza's sentencing arguments are without merit, he has not shown that counsel rendered ineffective assistance. *See United States v. Ressler, 54 F.3d 257, 259-60 (5th Cir. 1993).*

Barraza's wife paid the full $105 appellate filing fee after Barraza was ordered to do so in accordance with the Prison Litigation Reform Act (PLRA). This payment was made after counsel was appointed for Barraza under the Criminal Justice Act (CJA). The PLRA is inapplicable because that statute applies only to civil actions brought by prisoners. *See* 28 U.S.C. § 1915(a)(2). Furthermore, the appointment of appellate counsel under the CJA obviates the requirement of the appellant proceeding *in forma pauperis*. *See* 18 U.S.C. § 3006A(d)(7). Although the error has not been raised by counsel and is not plain, *see United States v. Calverly,* 37 F.3d 160, 162-63 (5th Cir. 1994)(*en banc*), the filing fee should be refunded in the interest of fairness. The district court is therefore ORDERED to reimburse the payor of the appellate filing fee.

AFFIRMED.