**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 19, 2006**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-31048
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANE B. WHITE,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:

Lane White challenges his sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues on appeal that his criminal record did not qualify him for a sentence enhancement under 18 U.S.C. § 924(e), and that the district court's application of the sentence enhancement violated his Sixth Amendment rights. Because White's two prior drug offenses were not a single criminal transaction, and such a finding was properly made by the district court without the utilization of a jury, we AFFIRM.

## I.  Background

White pleaded guilty to the possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  In connection with this guilty plea, White entered into a signed factual stipulation in which he admitted that he had possessed a .22 caliber pistol during an altercation with his wife.

The revised PSR in White's case recommended a base offense level of 20.  Based upon an enhancement for being an "armed career criminal" under 18 U.S.C. § 924(e), White's offense level was adjusted to 33.  White received a three-level reduction for acceptance of responsibility, and his criminal history was set at Category IV.  The recommended Guideline range for White's offense was 135-168 months imprisonment, but because White was found to be an "armed career criminal," the applicable Guideline range was superseded by the statutory minimum of 180 months under 18 U.S.C. § 924(e)(1).

White filed written objections to the PSR, arguing that he was not subject to the "armed career criminal" enhancement, as his two prior drug convictions should be considered a single offense.  White also argued that the district court could not make any findings regarding his prior convictions without violating his Sixth Amendment rights.  At White's sentencing hearing, the district court overruled these objections and sentenced White to

2

180 months imprisonment, plus three years of supervised release. White then brought this timely appeal.

## II.  Discussion

### A.  Multiple Criminal Transactions

This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo.  <u>United States v. Montgomery</u>, 402 F.3d 482, 485 (5th Cir. 2005).

The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes a mandatory fifteen-year sentence on a felon who has been convicted of the unlawful possession of a firearm, and who has three previous convictions for a "violent felony" or a "serious drug offense."  In the instant case, White's sentence was enhanced due to three prior convictions:  a 1988 conviction for aggravated battery, and two 1989 convictions for distribution of marijuana and distribution of cocaine.  White does not suggest that his crimes were not "violent felonies" or "serious drug offenses" for the purposes of § 924(e).  Instead, he argues that his two prior drug convictions should be treated as a single "serious drug offense" for the purposes of § 924(e).

Relying on the assertions of counsel,[1] White claims that on March 12, 1988, a confidential informant approached him and requested to purchase cocaine and marijuana. White immediately supplied the informant with marijuana, but did not have cocaine on his person at time. Thus, he arranged to sell cocaine to the informant five days later, and he returned on March 17 to complete the cocaine transaction. White's two offenses were charged separately, but tried together.

It is well established in this circuit that "[m]ultiple convictions arising from the same judicial proceeding but separate criminal transactions constitute multiple convictions for purposes of § 924(e)." United States v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). Thus, the fact that White's drug charges were tried together is irrelevant to the determination of whether his actions constituted two criminal transactions. Ultimately, "[t]he critical inquiry when deciding whether separate offenses occurred on 'occasions different from one another' for purposes of ACCA is whether the offenses occurred sequentially." United States v. Fuller, 453 F.3d 274, 278 (5th Cir. 2006)(citing Ressler, 54 F.3d

---

[1] As the Government correctly notes, White offered no evidence indicating that his drug offenses were conducted in the manner he describes, infra. Rather, in a sentencing memorandum and during White's sentencing hearing, his counsel asserted the underlying "facts" of White's drug convictions. Such assertions by counsel are not evidence; White did not present evidence to rebut the PSR, which established two separate criminal transactions. See United States v. Quertermous, 946 F.2d 375, 378 (5th Cir. 1991). Even assuming arguendo that White's version of events is accurate, however, the district court did not err in holding that his drug crimes constituted separate "serious drug offenses" for the purposes of § 924(e).

4

at 260).  This court has long held that crimes that are "distinct in time" are properly treated as separate criminal transactions for the purposes of § 924(e).  See, e.g., United States v. Barr, 130 F.3d 711, 712 (5th Cir. 1997)(two drug sales to same buyer separated by a day counted as two criminal transactions); Ressler, 54 F.3d at 260 (burglary and later stabbing of pursuer approximately ten minutes later were two criminal transactions); United States v. Washington, 898 F.2d 439, 442 (5th Cir. 1990)(two robberies committed against same victim hours apart were two criminal transactions).

White acknowledges this precedent, but he urges the distinction that he allegedly agreed to sell cocaine to an informant at the same time he in fact sold marijuana.  He thus argues that his subsequent delivery of cocaine was part of a single transaction.  This argument must be rejected; Ressler and United States v. Cardenas, 217 F.3d 491 (7th Cir. 2000), a Seventh Circuit case whose facts are nearly identical to this case, are instructive.  In Ressler, the defendant argued that because he stabbed his victim in the course of fleeing the scene of his earlier crime, his two crimes were part of the same transaction. However, the court noted that Ressler was "free to cease and desist from further criminal activity" after fleeing the scene of his crime, yet he made the independent decision to attack a good Samaritan who attempted to detain him.  Ressler, 54 F.3d at 260. Similarly, in Cardenas, the defendant sold crack cocaine to

5

informants, agreed to sell more if the buyers were satisfied with their first purchase, and returned forty-five minutes later to complete a second sale; because the first sale was not contingent upon the second, and the defendant "had plenty of time to change his mind, to cease and desist, and to refuse to sell to the informants," the court determined that Cardenas had partaken in two criminal transactions. Cardenas, 217 F.3d at 492. In the instant case, long after he completed his sale of marijuana, White committed the new offense of selling cocaine. White had five days to decide against selling cocaine, but he elected to commit an additional crime. As White's conviction for the sale of cocaine was distinct in time from his conviction for the sale of marijuana, the district court did not err in holding that White had committed two "serious drug offenses" for the purposes of § 924(e).

## B. Sixth Amendment Claims

White also argues, based upon Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), and its antecedents, that his Sixth Amendment rights were violated when the district court enhanced his sentence based upon facts neither admitted by him nor submitted to a jury. The application of the Sixth Amendment to § 924(e) is a question of law that we review de novo. United States v. Stone, 306 F.3d 241, 243 (5th Cir. 2002).

As this court held in Stone, "'because [Section] 924(e)(1) does not create a separate offense but is merely a

6

sentence enhancement provision,' neither the statute nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the enhancement." Id. at 243 (quoting and reaffirming United States v. Affleck, 861 F.2d 97, 98-99 (5th Cir. 1988) in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)). Stone remains good law, and Shepard is not to the contrary. As the Fourth Circuit held in United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), "[t]he data necessary to determine the 'separateness' of [a defendant's crimes] is [sic] inherent in the fact of prior convictions," and do not have to be put before a jury. Id. at 285.

White did not object to the accuracy of the facts in the PSR; in fact, through his counsel at his sentencing hearing, he admitted that he had sold drugs on March 12 and March 17, 1988, as part of his argument that he only committed a single "serious drug offense," supra. This court has recently held that "the district court can use all facts admitted by the defendant" in ascertaining the basis of a prior conviction for enhancement purposes. United States v. Mendoza-Sanchez, 456 F.3d 479, 483 (5th Cir. 2006). Moreover, in addition to the PSR and White's admissions, the Government also provided the court with Shepard-approved court documents, including the charging instruments used against White. White did not object to them. Thus, the court had ample bases to determine that White's drug offenses were separate; it did not run

7

afoul of <u>Shepard</u> in finding that White qualified for a sentence enhancement.

### III.  Conclusion

For the foregoing reasons, White's sentence is **AFFIRMED**.