IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-20916
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HULON JAMES LOUDD

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-347-ALL

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hulon James Loudd appeals his conviction and sentence for possession of a firearm by a convicted felon subsequent to three convictions for a violent felony or serious drug offense. He argues that the district court abused its discretion by giving a jury instruction on constructive possession because there was no evidence adduced at trial to support a conviction based upon a constructive possession theory. He argues that the error was prejudicial because the case

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

against him was weak, as indicated by a jury's inability to reach a verdict in his first trial.

While the Government's primary theory of the case was that Loudd had actual possession of the firearm, Loudd strongly contested this theory. The Government also produced evidence that the firearm was found next to Loudd's driver's license in the room in which Loudd was apprehended. This evidence, construed in the light most favorable to the Government, see United States v. Newell, 315 F.3d 510, 529 (5th Cir. 2002), was sufficient evidence of constructive possession to support the jury charge as it showed that Loudd had knowledge of and access to the firearm. See United States v. Fields, 72 F.3d 1200, 1212 (5th Cir. 1996). Even if the Government presented evidence of Loudd's driver's license in an attempt to prove actual possession as Loudd contends, this is immaterial because a constructive possession instruction is not improper if the evidence supports it, even if the Government is seeking to prove actual possession. See United States v. Munoz, 150 F.3d 401, 415-16 (5th Cir. 1998). As the evidence supported the jury instruction on constructive possession, Loudd has not shown that the district court abused its discretion by giving the instruction. See United States v. Mendoza-Medina, 346 F.3d 121, 132 (5th Cir. 2003).

Loudd argues that the prosecutor's comments during closing argument were improper and violated his due process right to a fair trial. Specifically, he asserts that the prosecutor's comments about the types of people found in drug distribution centers and comments about the case being about neighborhood safety inflamed the passions of the jury and invited the jury to convict him based on bad character rather than the facts of the case.

Loudd correctly concedes that because he did not object in the district court, review is for plain error only. United States v. Thompson, 482 F.3d 781, 785 (5th Cir. 2007). To show plain error, Loudd must show an error that is clear or obvious and that affects his substantial rights. See United States v. Baker,

538 F.3d 324, 332 (5th Cir. 2008), petition for cert. filed (Dec. 2, 2008) (No. 08-7559). If Loudd makes such a showing, we have the discretion to correct the error but will only do so if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. See id.

During closing argument, the prosecutor argued that there were only three types of people found in drug distribution centers: drug sellers; drug abusers; and protection. This commentary, however, was based upon the testimony of a police officer that Loudd was arrested in a drug distribution center and that, in his experience, there were only three types of people found in a drug distribution center. In the context of the trial, the prosecutor's commentary can be reasonably construed as argument that the jury should draw the conclusion that Loudd was present in the drug distribution center to provide protection, a role in which he would be more likely to possess a firearm. Accordingly, this commentary was permissible argument about the conclusions the jury should draw from the evidence. See United States v. Thompson, 482 F.3d 781, 785-86 (5th Cir. 2007).

The prosecutor also commented during closing argument that the case was about cleaning up the severe drug problem in poor neighborhoods where children live. This commentary was tenuously based upon evidence presented at trial and amounted to a call for the jury to stand up to pervasive crime that this court has previous noted that it "would not recommend . . . as a model for prosecutors." United States v. Carter, 953 F.2d 1449, 1461 (5th Cir. 1992). Nevertheless, the majority of the prosecutor's closing argument was devoted to a discussion of the elements of the crime and the conclusions that the prosecutor thought that the jury should draw from the evidence that was presented. Thus, if the challenged commentary "did go beyond the proper limits of a plea for law enforcement or an appeal to the jury to act as the conscience of the community, it did not do so egregiously." Id. (internal quotation marks and citations omitted). Accordingly,

Loudd has not shown that the prosecutor's comments amounted to plain error. See id.

Loudd argues that the application of the sentence enhancement under 18 U.S.C. § 924(e)(1) was unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). This argument, as Loudd concedes, is foreclosed. See United States v. White, 465 F.3d 250, 254 (5th Cir. 2006).

AFFIRMED.