**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-10434
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDWARD GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-179-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edward Garcia ("Garcia") appeals the 235-month sentence imposed following his jury trial conviction of one charge of being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g). Garcia argues that the district court erred in sentencing him as an armed career criminal ("ACC") under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. Garcia contends that the district court's application of the ACC sentence enhancement violated his Sixth

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment rights and that the evidence presented in support of the enhancement was not sufficiently reliable to support the district court's determination that his prior burglary convictions occurred on different occasions.

The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo, *United States v. White*, 465 F.3d 250, 252 (5th Cir. 2006), whereas the district court's factual findings are reviewed for clear error, *United States v. Barlow*, 17 F.3d 85, 89 (5th Cir. 1994).

Section 924(e) subjects a defendant convicted of being a felon in possession of a firearm to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." § 924(e)(1). In the instant case, Garcia's sentence was enhanced due to his 1982, 1985, and 1986 convictions for burglary. The Government established Garcia's prior burglary convictions were violent felonies that occurred on separate occasions by providing the indictments and judgments for these offenses. *See Barlow*, 17 F.3d at 89. Garcia then bore the burden of proving that his prior burglary convictions did not support an ACC enhancement.

Garcia did not sustain his burden. Specifically, while Garcia asserted that the ACC enhancement was improper because ambiguity might exist regarding the date of his offenses, Garcia neither denied that his prior burglary convictions occurred on different occasions nor introduced any evidence that his offenses occurred simultaneously. Additionally, Garcia did not dispute: (1) the existence of his 1982, 1985 and 1986 convictions for burglary; (2) these prior convictions for burglary were violent felonies; or (3) his guilty pleas in the prior burglary convictions were entered with adequate procedural safeguards. Accordingly, Garcia did not demonstrate by a preponderance of the evidence that his prior burglary convictions were invalid for consideration under the ACCA. Thus, based on the evidence presented, the district court did not err when it applied the ACC enhancement.

To preserve his claims for further review, Garcia raises a number of issues that he concedes are foreclosed by precedent.

First, Garcia argues that his enhanced sentence under § 924(e) is unconstitutional because his prior convictions and the dates of his prior convictions are elements of the offense that were not alleged in the indictment, proven beyond a reasonable doubt to a jury, or admitted by him. As Garcia concedes, this argument is foreclosed by this court's jurisprudence. *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *White*, 465 F.3d at 254; *United States v. Guevara*, 408 F.3d 252, 261 (5th Cir. 2005); *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000); *United States v. Almendarez-Torres*, 523 U.S. 224, 235 (1998).

Garcia also argues that the factual basis for the interstate commerce element of § 922(g) was insufficient to support his guilty plea conviction and, alternatively, that § 922(g) is unconstitutional. This argument is foreclosed by *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001).

Lastly, Garcia argues that the evidence was insufficient to establish the mens rea element of § 922(g). This court rejected the same argument in *United States v. Schmidt*, 487 F.3d 253, 254-55 (5th Cir. 2007).

Accordingly, the district court's judgment is AFFIRMED.