# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 26, 2010

Lyle W. Cayce
Clerk

No. 09-10187
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY HEATH WELK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-160-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jeremy Heath Welk appeals the 200-month sentence imposed following his guilty-plea conviction of being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g).  Welk claims the district court erred in sentencing him as an armed career criminal ("ACC") under the Armed Career Criminal Act, 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 924(e). He contends the Government did not submit cognizable evidence establishing that his three predicate offenses occurred on separate occasions.

As Welk acknowledges, because his claim concerning the sufficiency of the Government's evidence was not presented in district court, review is only for plain error. *E.g.*, *United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009), *petition for cert. filed* (22 Mar. 2010) (No. 09-9818). To establish reversible plain error, Welk must show there was clear or obvious error that affected his substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If such error is established, we still have discretion to correct it and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Under 18 U.S.C. § 924(e)(1), a defendant convicted of being a felon in possession of a firearm is subject to a minimum sentence of 15 years if he has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another". Welk's sentence was enhanced due to his three prior Texas convictions for delivery of a controlled substance. The Government established those convictions were for serious drug offenses that occurred on separate occasions, by providing the indictments and judgments for each offense. *See United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006); *United States v. Barlow*, 17 F.3d 85, 89 (5th Cir. 1994). "Once the Government establishes the fact of a prior conviction based upon a guilty plea, the defendant must prove the invalidity of the conviction by a preponderance of the evidence." *Barlow*, 17 F.3d at 89.

Welk did not meet this burden. He neither denied that his prior drug offenses occurred on different occasions nor introduced any evidence that his offenses occurred simultaneously. Additionally, in his written objections to the presentence investigation report, Welk, through counsel, admitted that the three drug transactions "took place on July 12, 14, and 21, 1993". Accordingly, the court had ample bases to determine that Welk's drug offenses occurred on three

different occasions and were separate. *See White*, 465 F.3d at 254. Therefore, the district court did not err when it applied the ACC enhancement. Accordingly, our plain-error review ends.

AFFIRMED.