# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2013

Lyle W. Cayce
Clerk

No. 13-40268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ANTELMO MENDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-854-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Antelmo Mendez pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to the mandatory minimum sentence of 180 months of imprisonment. Represented by the Federal Public Defender, Mendez raises two arguments, in order to preserve the issues for further review, that he correctly concedes are foreclosed by circuit precedent.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40268

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Government was not required to charge in the indictment the predicate facts for the ACCA enhancement and either have Mendez admit those facts or have those facts proven to a jury. *See United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006); *United States v. Stone*, 306 F.3d 241, 243 (5th Cir. 2002). "'[N]either the [ACCA] nor the Constitution requires a jury finding on the existence of the three previous felony convictions required for the enhancement.'" *White*, 465 F.3d at 254 (quoting *Stone*, 306 F.3d at 243). Likewise, Mendez's Commerce Clause challenge to the constitutionality of § 922(g)(1) is foreclosed, and "'the constitutionality of § 922(g) is not open to question.'" *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001) (quoting *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999)).

The appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.