# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-30724
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2018

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN E. JOUETTE,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-9-1

———————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Jonathan E. Jouette appeals his 180-month sentence—the mandatory minimum under the Armed Career Criminal Act (ACCA)—for being a felon in possession of a firearm. *See* 18 U.S.C. § 924(e). Jouette first contends that his prior Louisiana conviction for burglary of a pharmacy should not have counted as a qualifying "violent felony" conviction for ACCA purposes. Second, he asserts that because he committed the pharmacy burglary and another ACCA

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

predicate offense—distribution of narcotics—on the same day, the district court erred in finding that they were separate offenses, as required for an ACCA enhancement.  We review the district court's application of the ACCA de novo.  *See United States v. McGee*, 460 F.3d 667, 668 (5th Cir. 2006).

With respect to his first issue, Jouette disputes neither the knowing and voluntary nature of his guilty plea to burglary of a pharmacy nor the district court's implicit finding that pharmacy burglary, as defined by Louisiana law, constitutes a "generic" burglary under the categorical approach mandated by *Taylor v. United States*, 495 U.S. 575, 602 (1990).  *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010) (holding that unbriefed arguments are waived).  Rather, he argues that had the district court—as an equitable matter—used the modified categorical approach to consult various state-court documents, it would have learned that he did not in fact burgle a pharmacy but a pharmaceutical trailer.  *See generally Shepard v. United States*, 544 U.S. 13, 16 (2005).  As he does not allege legal error in the district court's use of the categorical approach, however, Jouette concedes that the court was thus bound to "look only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."  *Taylor*, 495 U.S. at 600.  And because that is what the district court did, there was no ACCA error.  *See McGee*, 460 F.3d at 668.

In his second issue, Jouette argues that the district court erred in finding that his prior pharmacy burglary and drug distribution offenses were "committed on occasions different from one another."  § 924(e)(1).  "The critical inquiry" in determining whether two offenses occurred on different occasions is "whether the offenses occurred sequentially."  *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006) (internal quotation marks and citation omitted).  Offenses occur sequentially if they are "distinct in time" from one another.

No. 17-30724

*United States v. White*, 465 F.3d 250, 253 (5th Cir. 2006) (internal quotation marks and citations omitted).

Jouette bases this argument on his state-court guilty plea form, which reflects that the pharmacy burglary and drug distribution offenses occurred on the same day. That two prior offenses occurred on the same day does not, ipso facto, mean that they were not otherwise distinct in time, even if separated only by minutes. *See United States v. Ressler*, 54 F.3d 257, 259-60 (5th Cir. 1995). Jouette points to nothing in the record suggesting that he committed the burglary and distribution offenses simultaneously. Rather, following the burglary, Jouette was free to cease and desist from further criminal behavior. *See id.* at 260. By distributing drugs, he thus "chose to initiate a new course of action and commit a separate offense, distinct in both time and conduct" from the burglary. *Id.* This logic holds true even if the distribution offense preceded the burglary. In either event, Joutte fails to show that the district court erred in applying the ACCA. *See McGee*, 460 F.3d at 668.

The judgment is AFFIRMED.

3