# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2022

Lyle W. Cayce
Clerk

No. 21-50767
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUBEN AGUILERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-62-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Ruben Aguilera was sentenced to 180 months of imprisonment following his guilty plea conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On appeal, he contends that his three Texas Penal Code § 30.02(a) convictions for burglary do not

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

qualify as violent felonies under the Armed Career Criminal Act (ACCA) and that two of the convictions should have counted as one conviction for purposes of determining whether he was an armed career criminal. The Government has filed a motion for summary affirmance or, in the alternative, for an extension of time to file a merits brief, asserting that Aguilera's arguments are foreclosed by circuit precedent. Aguilera opposes the motion for summary affirmance and does not concede foreclosure.

As acknowledged by Aguilera, we have held that Texas burglary is a generic burglary and is therefore a violent felony under the ACCA. *United States v. Herrold*, 941 F.3d 173, 176-82 (5th Cir. 2019) (en banc). Although he claims that *Herrold* was wrongly decided, "'in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court,'" we are bound by our precedent. *United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020) (quoting *United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010)), *cert. denied*, 141 S. Ct. 2823 (2021).

Moreover, Aguilera's three prior burglary convictions were for offenses that were committed sequentially, not simultaneously, and therefore were offenses that occurred on "'occasions different from one another.'" *United States v. Fuller*, 453 F.3d 274, 278 (5th Cir. 2006) (quoting *United States v. Ressler*, 54 F.3d 257, 260 (5th Cir. 1995)). The mere fact that Aguilera was sentenced to two of these offenses on the same day does not change this conclusion. *See United States v. White*, 465 F.3d 250, 253 (5th Cir. 2006).

In light of the foregoing, the Government's opposed motion for summary affirmance is DENIED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the alternative motion for an extension of

No. 21-50767

time in which to file a brief is DENIED, and the judgment of the district court is AFFIRMED.