# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2023

Lyle W. Cayce
Clerk

No. 22-60062
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Andre Rene Williams,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-121-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Andre Rene Williams pleaded guilty to a single count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). Williams claims the district court erred in sentencing him to a mandatory minimum

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60062

term of 180 months' imprisonment, as required by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We affirm.

Williams' primary argument is that the facts of his prior convictions, which he did not admit in his plea, cannot be used against him via an ACCA enhancement unless submitted to a jury. This argument is foreclosed by Supreme Court precedent. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). The Supreme Court has repeatedly declined invitations to revisit *Almendarez-Torres. See Apprendi v. New Jersey*, 530 U.S. 466, 488–90 (2000); *Alleyne v. United States*, 570 U.S. 99, 111 n.1 (2013); *James v. United States*, 550 U.S. 192, 214 n.8 (2007).

*Wooden v. United States*, 142 S. Ct. 1063 (2022), is not to the contrary. Williams reads it to forbid district courts from consulting the record to determine whether ACCA-predicate offenses occurred on separate occasions, as § 924(e) requires. But in reality, *Wooden* commands that district courts investigate the occasions of a defendant's past criminal conduct. *See Wooden*, 142 S. Ct. at 1070–71 (directing courts to pursue a "multi-factored" analysis of a defendant's § 924(e) occasions). The district court's analysis in this case comported with *Wooden* and our precedent. *See United States v. Stone,* 306 F.3d 241, 243 n.3 (5th Cir. 2002); *United States v. White*, 465 F.3d 250, 254 (5th. Cir. 2006) (per curiam).

In the alternative, Williams argues that the district court impermissibly relied on the Pre-Sentence Report (PSR), among other documents, to substantiate its ACCA-related conclusions. ***See, e.g.*, Blue. Br. 54–55.** True, precedent limits the types of documents that district courts may consult to determine which offenses are ACCA predicates. *See Shephard v. United States*, 544 U.S. 13, 16 (2005) (indicating courts may examine "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which

the defendant assented."); *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005) (holding PSR alone cannot support enhancements that increase a defendant's statutory maximum). But here, the district court did not rely on the PSR alone. It also relied on "the exhibits that have been produced by the government in this case." ROA.152. That renders any error harmless, because the government's exhibits contained acceptable documentation clearly establishing Williams' ACCA predicates, including the relevant state-court charging documents and Williams' plea to those charges. *See Shephard*, 544 U.S. at 16.

AFFIRMED.